## Marshall *versus* Bozorth.

Even though the Act of 21st March, 1806, relative to voluntary arbitrations, be not repealed or supplied by the revised Act of 16 June, 1836, a judgment entered on an award made by virtue of an agreement of the parties, no suit being pending in court, cannot be sustained under the Act of 1806, where a copy of the award when entered *in term* time, has not been served on the adverse party within ten days after the expiration of the term : And it cannot be sustained under the Act of 1836, if there was no agreement that the submission be made a rule of court.

ERROR to the District Court, *Philadelphia.*

The record brought up from the District Court for the city and county of Philadelphia, exhibited the following case :—

| | |
|---|---|
| WILLIAM BOZORTH | June Term, 1848. |
| *v.* | No. 172. |
| WILLIAM G. MARSHALL. | *Docket Entries.* |

*Sur* award of referees in favor of plaintiff *sur* agreement dated August 11, 1847, to refer under the first section of the Act of Assembly, passed 21st March, 1836, &c., said award being in favor of William Bozorth for $565.14. And now, May 25, 1848, on application of William Bozorth, and proof being made by the affidavit of a subscribing witness to the agreement of the parties to refer, that it was duly created by the parties thereto, the same agreement is now filed, and the award entered on record, *sec. leg. et reg.*, and judgment accordingly.

May 25, 1848.  Judgment.

The award was made in pursuance of an agreement by the parties under seal, and dated August 11, 1847, and executed in the presence of George W. Mattis, a subscribing witness, by which the parties, Marshall and Bozorth, agreed to submit matters in variance between them to two persons, with power on the part of the said referees or arbitrators, to call in a third person as umpire, in case they may differ or disagree. The parties further agreed to abide the decision or award of the referees and umpire, or a majority of them; the award to be final.

The referees were sworn before an alderman, before acting in the matter.

Subsequently, the referees disagreeing, viz.: on 22d January,

[Marshall *v.* Bozorth.]

1848, nominated an umpire, who on the same day was sworn. Two of the referees made an award as follows:—

"We the undersigned arbitrators, or a majority thereof, nominated and appointed by William G. Marshall and William Bozorth, to settle and adjust all matters in variance between them, by agreement dated August 11, 1847, after having heard the allegations of the parties, and the testimony of witnesses, and other evidence, do decide and award the sum of five hundred and sixty-five dollars and fourteen cents and costs, in favor of said William Bozorth against the said William G. Marshall, for which sum judgment shall be entered against said William G. Marshall in favor of said William Bozorth in the District Court for the city and county of Philadelphia, according to the Act of Assembly in such case made and provided. Witness our hands and seals this twenty-second day of May, A. D., one thousand eight hundred and forty-eight (1848)." Signed and sealed by two of the referees.

The execution of the agreement to refer was proved on the 25th May, by the subscribing witness. The award was filed on the same day.

The defendant obtained a rule to show cause why the judgment should not be set aside, and filed the following exceptions to the award:

1. The award is irregular and void: the reference is not under the Act of 1836, although the entry of the prothonotary states it to have been so. 2. The umpire was not duly sworn. 3. The award was not sealed up by the referees, and delivered to the plaintiff; nor was it delivered to the prothonotary without breaking the seal. 4. The agreement of submission is not under the Act of 1836. 5. The judgment is irregular. 6. The arbitrators exceeded the powers conferred in the submission. The rule for setting aside the judgment was discharged. The exceptions were dismissed by the court, and defendant took out his writ of error.

The Act of 21st March 1806, relative to voluntary arbitrations, authorizes persons desirous of settling any controversy by an agreement in writing, to refer the matter to persons to be by them mutually chosen; the referees to make out an award, and deliver it to the party in whose favor it was made. It is made a duty of the prothonotary, on the agreement being proved by the affidavit of a subscribing witness to the agreement, to file the same; on its being filed, the award is to be entered on record, and is to be as available in law as an award under a rule of reference issued by the court, or entered on the docket by the parties.

The 2d section section authorizes the parties to an action depending or in any amicable suit, either in vacation or term time, to consent to a rule of court for referring the cause to certain persons by them mutually chosen.

[Marshall *v.* Bozorth.]

The 3d provides, *inter alia,* that if the award be entered by the prothonotary in *vacation,* it shall be the duty of the party in favor of whom it is made, to serve a copy thereof on the adverse party, his agent or attorney, at least ten days preceding the first day of the next term; and if no exception be filed against the same, during the said term, it shall have the same effect, and be recovered in the same manner, as a judgment entered by the court on the verdict of a jury; and if the award be entered by the prothonotary in *term* time, it shall, in such case, be the duty of the party in favor of whom it is made, to serve a copy thereof on the adverse party within ten days after the expiration of such term; and if no exceptions be filed with the prothonotary within twenty days after receiving such notice, it shall become a judgment, and be recovered as aforesaid.

The first section of the Act of 16th June, 1836, relative to reference by agreement, provides that it shall be lawful for persons desirous to end a controversy, except such as respects the title to real estate, to agree in writing that their submission of the same shall be made *a rule of any court of record* of this Commonwealth; such agreement to be inserted in the submission, or in the condition of the bond or promise, whereby they may oblige themselves to submit to the award or umpirage.

The case was argued by *Guillou,* for plaintiff in error.—He cited 2 *Harris* 155, Taggart *v.* McGinn; 3 *Ib.* 117–118, Clement *v.* Rohrabach.

*J. A. Phillips,* for defendant.

The opinion of the court was delivered February 26, 1852, by

Lewis, J.—Conceding, for the purposes of this case, that the Act of 21st March, 1806, to regulate arbitrations, is not supplied and repealed by the Act of 1836, the judgment entered on the award cannot be sustained under the former Act, because it was entered immediately upon filing the award, without any notice whatever to the defendant. The Act requires the service of a copy of the award, and gives the defendant time, after such service, to file exceptions before judgment can be entered upon the award.

Nor can the entry of judgment be sustained under any of the provisions of the Act of 16th June, 1836, because there is no agreement consenting that the submission be made a rule of court, or in any manner authorizing the entry of judgment upon the award.

It is not necessary to decide upon the validity of the award at common law. It is sufficient to say that there is nothing upon the record to justify the entry of judgment thereon.

Judgment reversed.